UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                              Plaintiff,

              -against-

JAMES M BULLOCK, JR., DEBORAH DURUSSEL,
CLERK OF THE SUFFOLK COUNTY TRAFFIC &
PARKING VIOLATIONS AGENCY,

                              Defendants.
-----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
19-CV-664-NGG-SJB

**BULSARA, United States Magistrate Judge:**

       Freedom Mortgage Corporation ("Freedom Mortgage") has filed a motion for default judgment in this foreclosure action. (Mot. for Def. J. dated Feb. 10, 2020 ("Mot. for Def. J."), Dkt. No. 21). The Honorable Nicholas G. Garaufis referred the motion for report and recommendation. In light of the Second Circuit's certification of questions to the New York Court of Appeals, *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir.), *certified question accepted*, 34 N.Y.3d 1137 (2020), it is respectfully recommended that the default judgment motion be denied without prejudice to renewal and that the filing of any new dispositive motions with respect to Defendants James M Bullock, Jr. ("Bullock") and Deborah DuRussel ("DuRussel") be stayed pending resolution of *Schiffman*.

       In *CIT Bank N.A. v. Schiffman*, the District Court granted Plaintiff CIT Bank N.A.'s ("CIT") motion for summary judgment. Defendants appealed to the Second Circuit on the grounds that CIT allegedly failed to comply with certain pre-foreclosure

procedures required by New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1304 and 1306. 948 F.3d at 529.[1]

RPAPL § 1304 contains a condition precedent to the commencement of any foreclosure action, requiring that "at least ninety days" prior to filing, notice be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is subject to the mortgage." N.Y. Real Prop. Acts. Law §§ 1304(1), (2); *Schiffman*, 948 F.3d at 533. "Compliance with § 1304 can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure.'" *Schiffman*, 948 F.3d at 533 (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 21 (2d Dep't 2019)). Courts must determine whether a plaintiff has complied with RPAPL § 1304, even on a default judgment motion. *See, e.g.*, *CIT Bank, N.A. v. Donnatin*, No. 17-CV-2167, 2020 WL 248996, at *4 (E.D.N.Y. Jan. 16, 2020). Failure to comply with § 1304 is a sufficient basis to deny foreclosure relief. *See Miss Jones, LLC v. Viera*, No. 18-CV-1398, 2020 WL 1527141, at *2 (E.D.N.Y. Mar. 31, 2020) (adopting report and recommendation) (finding "Plaintiff has not met § 1304's pre-action notice requirement under the law as it currently stands," while denying default judgment motion without prejudice in light of

---

[1] RPAPL §§ 1304 and 1306 apply to "borrowers," which DuRussell and Bullock are alleged to be, so the Court has no reason to believe that *Schiffman* affects the soon-to-be filed summary judgment motion, (*see* Order dated Mar. 18, 2020; Order dated Mar. 20, 2020; Order dated June 11, 2020, Dkt. No. 36), as to Defendant Clerk of the Suffolk County Traffic & Parking Violations Agency, which is not alleged to be a borrower, but instead holds a subordinate lien on the property owned by DuRussell and Bullock. (*See* Compl. dated Feb. 4, 2019, Dkt. No. 1 ¶¶ 5, 6, sched. C).

*Schiffman*); *accord Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019) ("Both state and federal courts in New York, however, have found that proper service of a RPAPL § 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action and plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304. Plaintiff cannot satisfy its burden with conclusory statements of compliance with RPAPL's requirements." (quotations and citations omitted)).

The notices in *Schiffman* were dated one year after the default on the mortgage obligations. 948 F.3d at 534. The Second Circuit found that this gap in time casted "doubt on whether CIT offered adequate 'proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed.'" *Id.* Finding no controlling New York State authority on the question, the court certified the following question to the Court of Appeals: "Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?" 948 F.3d at 535 (emphasis removed). The certified question, thus, asks the Court of Appeals to shed light on the meaning and application of § 1304.

It would be inappropriate to enter a default judgment in this case—which would require the Court to conclude that Freedom Mortgage complied with § 1304 as a condition precedent to suit—prior to the resolution of the certified question. Freedom Mortgage's counsel attests that Freedom Mortgage "complied with all notice requirements in RPAPL § 1304[.]" (Decl. of Stephen J. Vargas in Supp. of Mot. for Def.

3

J. dated Feb. 4, 2020 ("Vargas Decl."), Dkt. No. 23 ¶ 4). The Complaint similarly alleges that Freedom Mortgage "complied with the notice provision of the Mortgage and RPAPL Section 1304[.]" (Compl. dated Feb. 4, 2019, Dkt. No. 1 ¶ 16).[2] A sworn affidavit of a specialist at Freedom Mortgage in support of the default judgment motion states, "In compliance with RPAPL § 1304, a 90 day pre-foreclosure notice ('90 Day Notice') was sent to James M. Bullock, Jr. via first class and certified mail to 4 Krause St, Bay Shore, NY 11706-2618 which is the Property Address and Deborah Durussel via first class and certified mail to 4 Krause St, Bay Shore, NY 11706-2618 which is the Property Address. The 90 Day Notice was mailed on October 11, 2018 and listed at least five (5) housing counseling agencies." (Affidavit of Erica Tracy dated Jan. 7, 2020 ("Tracy Aff."), attached as Ex. G to Vargas Decl., Dkt. No. 23 ¶ 5). This affidavit also states that a "copy of the 90 Day Notice and the affiliated certified mailing receipt is attached" to the affidavit. (*Id.*). Looking to the attachments reveals that the "mailing receipts" the affidavit refers to are merely stamps at the top of the notices sent to Bullock and DuRussel with barcodes and addresses of each of them; they do not have any indication of what service was used to mail the notices, *e.g.* United States Postal Service certified mail. (*See* Notices to Deborah DuRussel & James M Bullock Jr dated Oct. 9, 2018 ("Notices"), attached as Exs. to Tracy Aff., Dkt. No. 23 at 29, 38, 47, 57).[3]

The New York Court of Appeals shedding light on what § 1304 requires "may be [Freedom Mortgage's] best hope in this case." *See Viera*, 2020 WL 1527141, at *2. That

---

[2] A "defaulting party admits only well-pleaded factual allegations; it does not admit conclusory allegations or legal conclusions." *E.A. Sween Co., Inc. v. A & M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019).

[3] These page numbers cited for the exhibits refer to the PDF page numbers to the Tracy Affidavit.

4

is because Freedom Mortgage did not attempt to establish compliance with § 1304 through proof of a mailing procedure, but instead attempts to provide "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures," *Schiffman*, 948 F.3d at 533. And the only proof of mailing Freedom Mortgage submitts is copies of the notices with an unidentified barcode stamped on the notices. (*See* Notices). No return receipts were filed. No signatures were provided. There is, thus, insufficient evidence that Freedom Mortgage complied with the requirement to send notice by first-class mail. If anything, the evidence is "inconsistent with . . . statement[s] in [the] affidavit[,]" which "therefore casts doubt on whether [Freedom Mortgage] offered adequate proof" of mailings. *See Schiffman*, 948 F.3d at 534 (quotations omitted).

Because these circumstances raise similar questions as in *Schiffman*, and it is likely the New York Court of Appeal's answer to the certified question will clarify the scope of § 1304 and what constitutes facial compliance with its requirements, a decision now on these issues would be inappropriate. Any answer of the Court of Appeals will be binding on this Court. *See Engel v. CBS, Inc.*, 182 F.3d 124, 125 (2d Cir. 1999) ("We receive the response to our certification bearing in mind that the highest court of a state has the final word on the meaning of state law, and are bound to apply New York law as determined by the New York Court of Appeals." (citations and quotations omitted)). Significant judicial resources will be saved if the Court refrains from deciding the motion for default judgment and the same issue of New York law that the Second Circuit has certified.

The same is true for RPAPL § 1306, which requires "as a precondition of a foreclosure action that a plaintiff . . . file 'the information required by [§ 1306(2)]' within

three business days of mailing a § 1304 notice." *Schiffman*, 948 F.3d at 535 (quoting N.Y. Real Prop. Acts. Law § 1306(1)). "Section 1306(2), in turn, requires that '[e]ach filing delivered to the superintendent shall be on such form as the superintendent shall prescribe, and shall include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue.'" *Id.* (quoting N.Y. Real Prop. Acts. Law § 1306(2)).

The defendants in *Schiffman* argued that the plaintiff there failed to comply with § 1306 because only one borrower was listed on the filing statement. *Id.* But "[a]lthough New York courts have held that § 1304 requires strict compliance with respect to all borrowers on a loan," the Second Circuit found "no decisions from the New York Court of Appeals or the Appellate Division that address whether § 1306 imposes an analogous obligation." *Id.* A second question was, therefore, certified: "Where there are multiple borrowers on a single loan, does RPAPL § 1306 require that a lender's filing include information about all borrowers, or does § 1306 require only that a lender's filing include information about one borrower?" *Schiffman*, 948 F.3d at 537

As in *Schiffman*, Freedom Mortgage's § 1306 filing lists only one borrower—here, only DuRussel is listed, and not Bullock. (*See* Proof of Filing Statement dated Oct. 11, 2018, attached to Tracy Aff., Dkt. No. 23 at 67; *see also* Vargas Aff. ¶ 4 ("The Plaintiff complied with all . . . filing requirements of RPAPL § 1306.")). The same issue before the Circuit and Court of Appeals is before this Court. The Court's resources, and Freedom Mortgage's, will be saved if the Court refrains from deciding this case until this second certified question is also resolved.

6

The District Court for the District of Nevada issued several stays in a similar situation. After recognizing a federal-state split in the interpretation of Nevada's homeowners association foreclosure notice provisions, the District Court certified a question to the Nevada Supreme Court, and in cases where resolution of the certified question was relevant, stays were issued. *See, e.g., Deutsche Bank Nat'l Tr. Co. v. Indep. II Homeowners' Ass'n*, No. 16-CV-536, 2018 WL 297579, at *2 (D. Nev. Jan. 4, 2018) ("The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090."); *Bank of Am., N.A. v. Santa Barbara Homeowners Ass'n*, No. 16-CV-2768, 2017 WL 11306681, at *1 (D. Nev. Dec. 29, 2017) ("[T]his Court *sua sponte* stays this action in its entirety until the Nevada Supreme Court resolves the certified question." (footnote omitted)). It would be prudent to follow the same course here.

Therefore, it is respectfully recommended that the pending motion for default judgment be denied without prejudice and the filing of any new dispositive motions with respect to Bullock and DuRussel be stayed until the Court of Appeals answers the certified questions and the Second Circuit issues any further opinion in *Schiffman*. *See, e.g., Miss Jones, LLC v. Viera*, No. 18-CV-1398, 2020 WL 3002359, at *3 (E.D.N.Y. Jan. 29, 2020), *report and recommendation adopted*, 2020 WL 1527141 (Mar. 31, 2020).

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this Report. Failure to file timely objections may waive the right to appeal the District Court's order in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely

to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

Freedom Mortgage shall serve a copy of this Report and Recommendation on Bullock and DuRussel and file proof of such service on the record within two weeks of the date of this Report.

SO ORDERED.

*/s/ Sanket J. Bulsara* July 31, 2020
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York