```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FREEDOM MORTGAGE CORPORATION,

                            Plaintiff,                              REPORT AND
                                                                    RECOMMENDATION
            -against-
                                                                    19-CV-664-NGG-SJB
JAMES M. BULLOCK, JR., DEBORAH DURUSSEL,
CLERK OF THE SUFFOLK COUNTY TRAFFIC &
PARKING VIOLATIONS AGENCY,

                            Defendants.
----------------------------------------------------------------X
```

**BULSARA, United States Magistrate Judge:**

Freedom Mortgage Corporation ("Freedom Mortgage") filed the Complaint in this foreclosure action on February 4, 2019. (Compl. dated Jan. 16, 2019 ("Compl."), Dkt. No. 1). The property that is the subject of the litigation is 4 Krause Street, Bay Shore, New York 11706 (the "Subject Property"). On February 10, 2020, Freedom Mortgage filed its first motion for default judgment. (Notice of Mot. dated Feb. 4, 2020, Dkt. No. 21). The motion was stayed pending the resolution of *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir. 2020). After the stay was lifted, on October 4, 2021, Freedom Mortgage filed its renewed its motion for default judgment against Defendants James M. Bullock, Jr. ("Bullock") and Deborah DuRussel ("DuRussel" and together, "Defendants"). (Notice of Mot. dated Sept. 28, 2020 ("Mot."), Dkt. No. 43). The Honorable Nicholas G. Garaufis referred the motion for a report and recommendation.

For the reasons stated below, it is respectfully recommended that the motion be denied for Freedom Mortgage's failure to establish its compliance with New York Real Property Actions and Proceedings Law ("RPAPL") sections 1304 and 1306.

1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On October 14, 2011, James M. Bullock, Jr. and Deborah DuRussel executed a Note with Continental Home Loans, Inc. ("Continental Homes") in the principal amount of $245,611.00.  (Compl. ¶ 10; Note dated Oct. 14, 2011, attached as Schedule A to Compl.).  As security for the Note, Defendants executed a Mortgage on the Subject Property in the same amount which was recorded on November 17, 2011.  (Compl. ¶ 11).  The original parties to the Note and Mortgage were James M. Bullock, Jr., Deborah DuRussel, and Continental Homes.  (*See* Note at 2; Pl.'s Decl. in Supp. of Mot. dated Sept. 28, 2021 ("Pl.'s Decl."), Dkt. No. 44 ¶ 3).  The Mortgage was thereafter assigned to Freedom Mortgage.  (Compl. ¶ 12).  Beginning with the payment due on January 1, 2016 and subsequent payments thereafter, the Defendants failed to make payments due under the Note.  (*Id.* ¶ 13).  Each failure to make a payment constituted an Event of Default under the terms of the Note.  (Note at 1).  The Complaint was filed on February 4, 2019.  (Compl.).  It named Bullock and DuRussel as Defendants who owned the Subject Property, and it named the Clerk of the Suffolk County Traffic & Parking Violations Agency as a Defendant lienholder.  (*Id.* ¶¶ 3–6).

DuRussel and Bullock were served with the summons and Complaint. (Summons Returned Executed dated Nov. 14, 2019, Dkt. No. 13; Summons Returned Executed dated Nov. 21, 2019, Dkt. No. 16).  Neither DuRussel nor Bullock appeared or answered, and as a result, the Clerk of Court entered default against them.  (Entry of Default dated Dec. 20, 2019, Dkt. No. 19).  Freedom Mortgage also sought an entry of default against Clerk of the Suffolk County Traffic & Parking Violations Agency; the Clerk of Court denied this request since this defendant had appeared.  (Order dated Dec. 20, 2019).

Freedom Mortgage filed a motion for default judgment on February 10, 2020. (Notice of Mot. dated Feb. 4, 2020, Dkt. No. 21). The motion was denied without prejudice, and the case was stayed pending the resolution of *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir. 2020). *Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664, 2020 WL 6047425, at *1 (E.D.N.Y. Oct. 13, 2020) (adopting report and recommendation). After the stay was lifted, Freedom Mortgage filed a second motion for default judgment against Bullock and DuRussel on October 4, 2021. (Mot.; Pl.'s Decl.). Freedom Mortgage also filed an affidavit of service as required by Local Rule 55.2, indicating that the motion for default judgment and supporting papers were mailed to Bullock and DuRussel. (Aff. of Service dated Oct. 4, 2021 ("Aff. of Service"), Dkt. No. 45). On October 5, 2021, the Honorable Nicholas G. Garaufis referred the motion to the undersigned for a report and recommendation. For the reasons stated below, it is respectfully recommended that Freedom Mortgage's motion for default judgment be denied.

DISCUSSION

I. <u>Legal Standard</u>

"Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for a plaintiff to obtain a default judgment." *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and recommendation). "A default does not establish conclusory allegations, nor does it excuse any defects in the plaintiffs' pleading." *Mateo v. Universal Language Corp.*, No. 13-CV-2495, 2015 WL 5655689, at *4, *6–*7 (E.D.N.Y. Sept. 4, 2015) (finding defendant was not plaintiff's employer based on his testimony that contradicted allegations in the complaint), *report and recommendation adopted*, 2015 WL 5664498, at *1 (Sept. 23,

3

2015).  For example, an allegation is not "well-pleaded" if is contradicted by other evidence put forth by the plaintiff.  *See id.* at \*6–\*7; *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 151 (E.D.N.Y. 2010) ("[O]nce plaintiffs provided an actual picture of the allegedly infringing pen that contradicted the allegations in the Complaint, those allegations would no longer be considered well-pleaded.").  Whether to enter a default judgment is committed to the discretion of the district court, within the limits articulated by the Second Circuit.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits.").  That is, the Second Circuit "ha[s] 'a strong preference for resolving disputes on the merits'" and has cautioned that "'a default judgment is the most severe sanction which the court may apply.'"  *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After default has been entered, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment against that defendant.  *Id.* r. 55(b)(2).  The Clerk entered a default against DuRussel and Bullock on December 20, 2019.  (Entry of Default dated Dec. 20, 2019, Dkt. No. 19).  However, for the reasons indicated below, it would inappropriate, given Freedom Mortgage's failure to establish liability, to enter a default judgment.

4

II.  Liability

In deciding a motion for default judgment, a court "is required to accept all of the [plaintiff]'s factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  A party's default is deemed an admission of all well-pleaded allegations of liability.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992); *Morales v. B & M Gen. Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482, at *2 (Mar. 29, 2016).

The court must then determine "whether the unchallenged facts constitute a legitimate cause of action." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688.1 (2020) ("Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief.  Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law."); *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (adopting report and recommendation).

Freedom Mortgage has not demonstrated compliance with the statutory requirements set forth in RPAPL Article 13.

> Section 1304 of the RPAPL requires that, at least 90 days before commencing a home foreclosure action, a notice of default on the mortgage loan be sent by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is subject to the mortgage.  Section 1304 also prescribes the contents of the notice.

*Windward Bora LLC v. Armstrong*, No. 18-cv-6355, 2021 WL 606713, at *5 (E.D.N.Y. Feb. 16, 2021) (internal quotations and citations omitted).  "Proper service of [an] RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the

5

commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021) (alteration in original) (quoting *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 102 A.D.3d 909, 910 (2d Dep't 2013)). "[F]ailure to strictly comply with section 1304 'is a sufficient basis to deny foreclosure relief.'" *Armstrong*, 2021 WL 606713, at *6 (quoting *Miss Jones, LLC v. Viera*, No. 18-cv-1398, 2020 WL 3002359, at *1 (E.D.N.Y. Jan. 29, 2020)). Separately, section 1306 of RPAPL requires that "[e]ach lender . . . file with the superintendent of financial services . . . as a condition precedent" to initiating any foreclosure proceeding the information outlined in section 1306(2) regarding the loan and the borrower. RPAPL § 1306(1); *see also United States v. Phillips*, No. 19 Civ. 5348, 2022 WL 256954, at *6 (E.D.N.Y. Jan. 7, 2022), *report and recommendation adopted*, 2022 WL 256576, at *2 (Jan. 27, 2022). As with section 1304, failure to comply with a section 1306 notice is sufficient to deny foreclosure. *E.g.*, *Wilmington PT Corp. v. Gray*, No. 19-cv-01675, 2020 WL 7296858, at *3 (E.D.N.Y. Dec. 11, 2020) (adopting report and recommendation) (denying motion for default judgment where "the complaint d[id] not adequately allege compliance with section 1306"). And the failure to satisfy these statutory elements may be considered on a motion for default judgment. *Freedom Mortg. Corp. v. Powell*, No. 18-cv-4265, 2020 WL 4932145, at *3 (E.D.N.Y. Aug. 24, 2020) ("[C]ourts in this district routinely review § 1304 compliance on motions for default judgment.") (collecting cases).

The Complaint states that "Plaintiff has complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306." (Compl. ¶ 16). The relevant notices are not appended to the Complaint. The motion also argues that Freedom Mortgage complied with the requirements of

6

sections 1304 and 1306, but in support of this assertion, appends two undated documents. Those documents are notices of foreclosure, labelled as a section 1303 Notice and section 1320 Notice. (*See* Pl.'s Decl. ¶¶ 4; Notices attached as Ex. D to Pl.'s Decl.). They are not section 1304 or 1306 notices. An affidavit in support of the motion alleges that the section 1304 notice was mailed to the defendants, the section 1306 notice was filed with the New York Superintendent of Financial Services, and proof of this service and filings are attached to the affidavit. (Aff. of Erica Tracy dated Jan. 7, 2020 ("Tracy Aff."), attached as Ex. F to Pl.'s Decl. ¶¶ 5–6). But the notices, mail receipts, and copy of the filing webpage are not in fact attached to the affidavit.[1] This inexplicable failure to attach the relevant notices, mailing receipts, and proof of filing suggests non-compliance, and requires the denial of the motion for default judgment.[2]

There are other deficiencies as well. The statute requires that the 90-day notice be sent "by registered or certified mail *and also by* first-class mail to the last known address of the borrower, *and to* the residence that is the subject of the mortgage." (RPAPL § 1304(2)) (emphasis added). Here, the affidavit states only that the notices were mailed to the Subject Property. (Tracy Aff. ¶ 5). There is no evidence that the required notices were also mailed to the Defendants at their last known addresses. And while in some cases, one can infer that the last known address of the borrowers is the

---

[1] The affidavit cannot be referring to the documents labelled section 1303 Notice and section 1320 Notice attached to the Declaration since those notices do not contain certifications of mailing, and do not contain a list of housing counseling agencies, as sections 1304 and 1306 require.

[2] In cases where Courts have found plaintiffs compliant with these provisions on the basis of sworn affirmations, the relevant notices, mail receipts, and filings have been attached. *E.g., Freedom Mortg. Corp. v. Weisblum*, No. CV 19-2033, 2020 WL 5881235, at *5 (E.D.N.Y. Aug. 19, 2020), *report and recommendation adopted as modified*, 2020 WL 5878262, at *1–*2 (Oct. 2, 2020).

7

same as that of the mortgaged property, the evidence here is to the contrary. The motion papers—in compliance with Rule 55.2—were served, as required, at Defendants' last known residential addresses: 512 Walnut Woods Drive, Morrisville, North Carolina 27560 and 28 Jefferson Avenue, Massapequa Park, New York 11762. (Aff. of Service). But if these were their last known residential addresses, the section 1304 notice should have been sent there. *E.g., Windward Bora, LLC v. Thompson*, No. 18-CV-1811, 2020 WL 1242828, at *3 (E.D.N.Y. Mar. 16, 2020) ("Because Thompson is alleged to reside at a different address than that of the Subject Property, plaintiff was required to serve her with the 90-day notice at both addresses."). So, even if the notices that are attached to the Declaration were those required by the New York statute, they were not delivered to the Defendants' last known addresses.[3] It is, of course, possible that Defendants moved during the pendency of the case, such that the Subject Property was their residential addresses at the time the 90-day notice was required to be served. But that fact would have to be established through an affidavit or other proof, which is not present here. This is all, in some sense, academic because no section 1304 notice was ever provided. In the end, the failure to satisfy the requirements require denial of the motion.

## CONCLUSION

The Court, therefore, respectfully recommends that the motion for default judgment be denied. While normally the process would be to permit Plaintiff to renew its motion for default judgment or file a revised complaint, Freedom Mortgage appears

---

[3] Even if the Court were to consider the notices attached to the affidavit in Plaintiff's prior motion for default judgment, (*see* Aff. of Erica Tracy dated Jan. 7, 2020, Dkt. No. 23-7 at 23–66), this deficiency would still be fatal to the motion since those notices too were only mailed to the Subject Property; there is no evidence they were mailed to the Defendants' last known addresses. And, of course, the prior motion was denied.

not to have satisfied a statutory requirement, one that is a prerequisite to foreclosure. As such, before permission to file another motion is granted, it should be ordered to provide a letter that contains proof of compliance with RPAPL sections 1304 and 1306.

Any objections to the Report and Recommendation above must be filed with the Clerk of Court within 14 days of receipt of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga Cnty*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.") (quotations omitted).

                                            SO ORDERED.

                                         */s/ Sanket J. Bulsara*  March 11, 2022
                                         SANKET J. BULSARA
                                         United States Magistrate Judge

Brooklyn, New York