UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FREEDOM MORTGAGE CORPORATION,

                              Plaintiff,

          -against-

JAMES M. BULLOCK, JR., DEBORAH
DURUSSEL, CLERK OF THE SUFFOLK
COUNTY TRAFFIC & PARKING VIOLATIONS
AGENCY,

                              Defendants.

**MEMORANDUM & ORDER**
**19-CV-664 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Plaintiff Freedom Mortgage Corporation's ("Freedom Mortgage") motion for default judgment. On March 11, 2022, Magistrate Judge Sanket J. Bulsara issued a Report and Recommendation, recommending that the court deny the motion and direct Freedom Mortgage to file a letter demonstrating compliance with the statutory notice requirements of New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1304 and 1306 before it can move for default judgment again. (*See* Mar. 11, 2022 R&R ("Second R&R") (Dkt. 46).) For the following reasons, the Second R&R is ADOPTED in full.

## I.   BACKGROUND

The Second R&R sets forth the relevant background (Second R&R at 2-3), to which no party has objected. The court therefore adopts the Second R&R's Factual Background and Procedural History and includes the following summary for context. *See Saleh v. Pompeo,* 393 F. Supp. 3d 172, 174-75 (E.D.N.Y. 2019). On October 14, 2011, Defendants James M. Bullock, Jr. and Deborah DuRussell (the "Owners") executed a note in the amount of $245,611.00, secured by a mortgage encumbering the property at 4 Krause Street, Bay Shore, New York 11706 (the "Property").

(Compl. ¶¶ 1, 10-11.) On April 30, 2016, the original holder and owner of the note and mortgage, Continental Home Loans, Inc., assigned its rights to Freedom Mortgage. (*Id.* ¶ 12; Pl.'s Decl. (Dkt. 44) ¶ 3.)

Beginning on January 1, 2016, and continuing through the filing of the Complaint, the Owners failed to make the required monthly payments. (Compl. ¶ 13.) Each missed payment constituted an event of default. (*See* Note (Dkt. 1) at ECF p. 6.)

On February 4, 2019, Freedom Mortgage filed the Complaint, naming the Owners and the Suffolk County Traffic & Parking Violations Agency, holder of a subordinate lien on the Property, as Defendants. (Compl. ¶¶ 3-5.) Though Freedom Mortgage served the Owners with the Complaint, (*see* Nov. 14, 2019 Summons (Dkt. 13); Nov. 21, 2019 Summons (Dkt. 16)), the Owners neither appeared nor answered the Complaint. At Freedom Mortgage's request, the Clerk of Court entered default with respect to the Owners on December 20, 2019. (Dec. 20, 2019 Certificate of Default (Dkt. 19).)

On February 10, 2020, Freedom Mortgage moved for default judgment. (Feb. 10, 2020 Mot. for Default J. (Dkt. 21).) At that time, the United States Court of Appeals for the Second Circuit was awaiting an answer to a question certified to the New York Court of Appeals regarding the necessary quantum of proof needed to show compliance with RPAPL §§ 1304 and 1306. *See CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 537-38 (2d Cir. 2020), *certified questions accepted* 34 N.Y.3d 1137 (2020). The court referred the motion for default judgment to Magistrate Judge Bulsara, who issued a Report and Recommendation on July 31, 2020. (*See* July 31, 2020 R&R (Dkt. 37) (the "First R&R").) Magistrate Judge Bulsara observed that the record left unclear whether Freedom Mortgage had complied with the notice requirements of RPAPL §§ 1304 and 1306. (First R&R at 4). Accordingly, in adopting the First R&R, this court denied the

motion for default judgment without prejudice to renew, and stayed the filing of new dispositive motions pending the resolution of the certified questions. (Oct. 13, 2020 Order (Dkt. 39).)

On March 30, 2021, the New York Court of Appeals answered the certified questions, *see CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550 (2021), and the Second Circuit issued its opinion on the appeal on May 28, 2021. *See CIT Bank N.A. v. Schiffman*, 999 F.3d 113 (2d Cir. 2021). Consequently, the court lifted the stay on May 28, 2021. (*See* May 28, 2021 Order Lifting Stay.) On October 4, 2021, Freedom Mortgage renewed its motion for default judgment, which was again referred to Magistrate Judge Bulsara. (Second Mot. for Default J. ("Mot.") (Dkt. 43); Oct. 5, 2021 Order Referring Mot.) On March 11, 2022, Magistrate Judge Bulsara issued the Second R&R, recommending that the court deny the motion and direct Freedom Mortgage to file a letter demonstrating compliance with the statutory notice requirements of RPAPL §§ 1304 and 1306 before it would be permitted to move for default judgment again. (*See* Mar. 11, 2022 R&R (Dkt. 46).) Freedom Mortgage filed objections to the Second R&R on March 22, 2022. (Pl.'s Objs. (Dkt. 47).)

## II. LEGAL STANDARD

In reviewing a magistrate judge's report and recommendation on a dispositive motion, the court reviews portions to which no party objects, or to which only conclusory, general objections are made, for clear error. *Saleh,* 393 F. Supp. 3d at 177. Clear error exists only where "the [c]ourt is left with the definite and firm conviction that a mistake has been committed." *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203 (E.D.N.Y. 2010).[1] Any specific portion of the report and recommendation to which a party makes a non-conclusory objection is reviewed *de novo*.

---

[1] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

*See* 28 U.S.C. § 636(b)(1); *Condoleo v. Guangzhou Jindo Container Co.*, 427 F. Supp. 3d 316, 318-19 (E.D.N.Y. 2019).

## III. DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is entered, a party may "apply to the court for a default judgment." *Id.* at 55(b). "The decision whether to enter default judgment is committed to the district court's discretion," *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015), but the scope of such discretion is circumscribed by the Second Circuit's "oft-stated preference for resolving disputes on the merits." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

In keeping with this guidance, the court may enter a default judgment only "if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) ("In light of [defendant's] default, a court is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor . . . , but it is also required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law."). But even where the well-pleaded allegations are sufficient to establish liability, the court's discretion is guided by considerations of equity, such as "whether the entry of default would bring about a harsh or unfair result." *Enron Oil*, 10 F.3d at 96.

Further, a court deciding whether to enter default judgment should consider whether the entry of default would be set aside

4

pursuant to Rule 55(c), had the defendant appeared and moved for such relief. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001) (applying the good cause standard set forth in Rule 55(c) in reviewing district court's decision to enter default judgment); *James v. Arango*, No. 05-CV-2593 (TCP) (AKT), 2011 WL 1594832, at *8 (E.D.N.Y. Mar. 28, 2011), *report and recommendation adopted in* 2011 WL 1627099 (E.D.N.Y. Apr. 27, 2011) ("In determining whether to grant a default judgment . . . . the Court is guided by the same factors which apply to a motion to set aside entry of a default."). The court determines whether there is "good cause" to set aside an entry of default under Rule 55(c) by considering three factors: (1) the willfulness of the default, (2) the existence of a meritorious defense, and (3) the prejudice suffered by the non-defaulting party. *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001).

The Second R&R concluded that Freedom Mortgage's motion for default judgment should be denied because the Complaint and attached documents failed to establish liability. (Second R&R at 7-8.) Specifically, Freedom Mortgage failed to demonstrate strict compliance with two statutory requirements, RPAPL § 1304 (requiring 90-day notice to borrowers) and RPAPL § 1306 (requiring notice to the state superintendent of financial services). (Second R&R at 6-7.) Although the Complaint alleged that Freedom Mortgage "complied with the notice provision of the Mortgage and RPAPL Section 1304 and filed the information required by RPAPL Section 1306," (*see* Compl. ¶ 16), Freedom Mortgage failed to attach the relevant notices. It attempted to fix this problem for the present motion by attesting to its compliance and attaching documents it claimed were the required notices, but those notices cite to other statutory obligations and fail to meet the requirements of sections 1304 and 1306. (Second R&R at 7 & n.1 ("[The attached] notices do not contain certifications of mailing, and do not contain a list of housing counseling agencies, as sections 1304 and 1306 require.").) Therefore, Freedom

5

Mortgage "failed to meet its initial burden of demonstrating the absence of material issues as to its strict compliance" with sections 1304 and 1306, precluding a grant of foreclosure relief. *Flagstar Bank, FSB v. Damaro*, 44 N.Y.S.3d 128, 131 (2d Dep't 2016) (granting summary judgment to defendant where plaintiff's evidence of compliance with section 1304 showed the notice was "defective on its face"); *see also Deutsche Bank Nat'l Tr. Co. v. Ghosh*, – N.Y.S.3d –, 2022 WL 3904584, at *2 (2d Dep't Aug. 31, 2022) ("[T]he plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to show its strict compliance with RPAPL 1304(2)."); *Wilmington PT Corp. v. Gray*, No. 19-CV-1675 (AMD) (JO), 2020 WL 7296858, at *3 (E.D.N.Y. Dec. 11, 2020) (denying motion for default judgment where allegations of complaint and submitted documents illustrated failure to strictly comply with the requirements of section 1306); *TD Bank, N.A. v. Oz Leroy*, 995 N.Y.S.2d 625, 628-29 (3d Dep't 2014) (granting summary judgment to defendant where plaintiff admitted failure to strictly comply with section 1306).

Freedom Mortgage does not object to Magistrate Judge Bulsara's conclusion that the record provides insufficient support for Freedom Mortgage's compliance with sections 1304 and 1306, nor to the determination that strict compliance is required for the court to grant foreclosure relief.[2] As the court finds no clear error in

---

[2] Freedom Mortgage stated in its objections that "the Report and Recommendation should be rejected in its entirety." (Pl.'s Objs. at 2; *see also id.* at 5.) But the brief raises no specific objection to Magistrate Judge Bulsara's conclusion that the record of section 1304 and 1306 notices was deficient, or, other than as discussed above, the recommendation to require proof of compliance before a new motion for default judgment may be filed. "To obtain . . . *de novo* review, an objecting party must point out the specific portions of the R&R to which objection is made." *Saleh*, 393 F. Supp. 3d at 177. Accordingly, Freedom Mortgage's blanket objection to the entire R&R is insufficient.

these conclusions, the court adopts the Second R&R's analysis and conclusions on both points.

Instead, Freedom Mortgage argues that the statutory notice requirements are non-jurisdictional and only operate as affirmative defenses. (*See* Pl.'s Obj. at 3-4.) Therefore, the court may not consider whether Freedom Mortgage demonstrated compliance unless raised by the Defendants, and instead must accept Freedom Mortgage's allegation of compliance as true. (*Id.* at 4; *see* Compl. ¶ 16.) For two reasons, the court disagrees.

*First,* even where a defendant has failed to answer the Complaint, the court is obligated only to accept well-pleaded, factual allegations of liability. *See Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."); *City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2011) ("[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint."). Conclusory allegations and restatements of the legal requirements need not be accepted, and standing alone, are insufficient to support a default judgment. *E.A. Sween Co. v. A&M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (summary order) ("A defaulting party admits only well-pleaded factual allegations; it does not admit conclusory allegations or legal conclusions."); *Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 57 (2d Cir. 2013) (summary order). The court declines to find the necessary compliance with the statute based on Freedom Mortgage's bare assertion that it provided notice as required by the RPAPL.

*Second,* the court must consider whether default would be a "harsh or unfair result," *Enron Oil*, 10 F.3d at 96, and whether the defendant has a "meritorious defense" that would warrant vacatur upon a Rule 55(c) motion. *Powerserve Int'l*, 239 F.3d at

514. Indeed, the available meritorious defense "need not be ultimately persuasive at this stage," *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996); "even a hint of a suggestion which, if proven at trial, would constitute a complete defense" is sufficient. *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (vacating default). Freedom Mortgage has thus far been unable to demonstrate compliance with the condition precedents to foreclosure provided in RPAPL §§ 1304 and 1306. The Owners' defense to foreclosure on that basis would be sufficient to vacate the default pursuant to Rule 55(c).[3] Regardless of whether compliance with RPAPL §§ 1304 and 1306 is an affirmative defense, it would be unfair to enter default judgment against the Owners, despite their apparent defense to liability, solely because they have not appeared to assert it.

Freedom Mortgage's citations to the contrary are unavailing. It is true that most of the cases interpreting sections 1304 and 1306 did so where the defendants appeared and raised the issue. *See, e.g.*, *Schiffman*, 99 F.3d at 116 (addressing the statute when raised in opposition to a motion for summary judgment); *Windward Bora LLC v. Armstrong*, No. 18-CV-6355 (SJ) (SJB), 2021

---

[3] A recent line of cases in the First Department declined to consider compliance with RPAPL § 1304 where the defendant defaulted. *See, e.g.*, *J.P. Morgan Chase Bank v. Dennis*, 89 N.Y.S.3d 135, 136 (1st Dep't 2018) ("Since defendant has not established a reasonable excuse for her default, she has waived her standing defense, as well as any defense resulting from plaintiff's alleged failure to comply with RPAPL 1304."); *Deutsche Bank Nat'l Trust Co. v. Lopez*, 49 N.Y.S.3d 123, 123 (1st Dep't 2017) ("Having so defaulted, . . . defendant is precluded from moving to dismiss the foreclosure action on the ground of plaintiff's alleged failure to comply with RPAPL 1304."). The standards on whether to grant a default judgment, however, are governed by federal procedural law, so these courts' decisions to enter default judgment do not change this court's analysis. *KeyBank USA, N.A. v. Hutchins*, No. 04-CV-105, 2005 WL 1389969, at *1 (D. Vt. June 9, 2005).

WL 606713, at *5-6 (E.D.N.Y. Feb. 16, 2021) (considering statutory requirements in determining whether to vacate default). But district courts have also considered sections 1304 and 1306 *sua sponte* in determining whether to enter default judgment. *See, e.g., Lightning 1179 LLC v. Rodriguez*, No. 17-CV-6311 (MKB) (ST), 2020 WL 7000902, at *2 (E.D.N.Y. Sept. 18, 2020), *report and recommendation, adopted in* 2020 WL 6042000 (E.D.N.Y. Oct. 13, 2020) (discussing the court's denial of motion for default judgment for failure to show compliance with section 1304, where defendants did not file an answer); *Miss Jones, LLC v. Viera*, 18-CV-1398 (NGG) (SJB), 2020 WL 3002359, at *1 (E.D.N.Y. Jan. 29, 2020), *report and recommendation adopted in* 2020 WL 1527141 (E.D.N.Y. Mar. 31, 2020) (staying case and denying motion for default judgment for possible non-compliance with statutory requirements, where defendants did not file an answer). That prior cases addressing the necessity of the statutory requirements did so after the defendants' appearance has no bearing on whether the defense is sufficiently meritorious to warrant denying the "harsh remedy" and "most severe sanction" of default judgment. *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995).[4]

"[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil*, 10 F.3d at 96. The court harbors doubts that the current record warrants a finding of liability on the merits, let alone the entry of default judgment. Accordingly, default

---

[4] Freedom Mortgage makes no argument regarding the remaining two factors relevant to vacatur of default, (1) the willfulness of the Owners' default, and (2) the prejudice Freedom Mortgage would face if the court declined to enter default judgment. The record before the court provides no reason that either would support entry of default, as there is no indication the Owners' default is willful, and Freedom Mortgage has demonstrated no prejudice that would result from requiring documentary proof of its compliance with the statute.

judgment is an inappropriate remedy. *See Pecarsky*, 249 F.3d at 171, 174-75.

## IV. CONCLUSION

For the foregoing reasons, Freedom Mortgage's Objections to the Second R&R are OVERRULED, and the Second R&R is ADOPTED in full. Freedom Mortgage's motion for default judgment is DE-NIED, and Freedom Mortgage is DIRECTED to file a letter containing proof of compliance with RPAPL §§ 1304 and 1306 within two weeks from the date of this order.

SO ORDERED.

Dated:     Brooklyn, New York
           September 21, 2022

                                        /s/ Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge